38,681-02

RECEIVED IN
COURT OF CRIMINAL APPEALS4 - 15

MAR 09 2015

Abel Acosta, Clerk

Dear Clerk,

Please find enclosed my final supplement to the Writ of Mandamus filed in this Court. WR-38,681,02.

Please place this document in the proper place with the remaining parts of the Mandamus.

Thank You!

Jeffrey L Ward
Relator Pro-Se

# CAUSE NO. 11965(C)
# WR-38,681,02

In Re Jeffrey L. Ward
Relator

2nd Judicial District
COURT OF CHEROKEE COUNTY
Respondant

‚
‚
‚
‚
‚
‚
‚
‚

In The Court

OF

CRIMINAL APPEALS

---

## SUPPLEMENT TO INITIAL WRIT OF MANDAMUS

Concirning the test for determining relator's intitlement to Mandamus. Relief requires relator to establish (1) That she has no adequate remedy at law, and (2) That she seeks to compell a ministerial act or (3) Trial Court has clearly abused its discretion. See: Martin V. darnell (APP. 7 Dist. 1997) 960 SW.2d. 838.

Relator's primary reason for this Mandamus was to request that the Transcript for the evidentuary hearing held July 8, 1993. Be placed in relator's files of the District Clerk of the 2nd Judicial District Court of Cherokee County, Texas. Relator feels that prerequisite No. 1 has been fulfilled, because since the District Court violated the law of the Code of Criminal Proc., so as to prevent this Honorable Courts obtaining the Transcript. Indicates Relator stands no chanch at all of obtaining it. The No. (2) Prerequisite, relator feels that the ministerial act has been violated already. However, This Honorable Court may persuade the District Court to comeforth with the True Transcript and if this happens, then relator's request for Mandamus has been answered. However, if the true Transcript does not become available, then relator's unusual request for a New Trial would stand. For Reasons stated above, and fact that Suppression of evidence of Actual Innocence being kept from this Court which relator feels was a due process violation, and kept from the relator for more than 20 years, Is reason for a New Trial. When it would appear obvious, That the suppressed evidence proves a wrongful conviction. For there is no other reason to suppress it. While even violating rules of law by those obligated to keep the law.

Relator feels No. (3) fits this situation. Where it was a clear abuse of discretion, and since a Writ of Mandamus is an extraordinary remedy that will issue only to correct a Clear abuse of discretion See: Canadian Helicopters LTD. V. Wittig, 876 SW.2d. 304, 305 (Tex.1994).

Relator has requested a New Trial in this writ of mandamus or in the alternative a New Evidentuary Hearing. Which actually is Prejudicial to relator. Concidering the passage of time, and faded memories, witnesses Perhaps no longer available, and since the District Court has shown such blatant disreguard for the rules and directives of this Honorable Court. Relator prayed for a Change of venue, if the Court ruled a New Trial was to be had.

This is the relator's explanation for why he has requested an Unusual "Correction" in this abuse of discretion by Mandamus. But, relator has been greatly harmed by the District Courts blatant disreguard for the rules of law, and now even for years harmed, and feels that a New Trial, is the only real remedy to apply to a Situation such as this. In order to "Correct" the blatant abuse of discretion. Not just to relator but to this Court also.

Therefore, relator Prays this Court is successful in aquiring the true Transcript but, if not, then relator prays that a New Trial be ordered. To Correct the Clear abuse of discretion, that was Committed by the 2nd Judicial District Court of Cherokee County, Texas. By There suppression of the evidence showing coercion and assault Just outside the Courtroom doors during Trial of this relator, and There Preventing this relator's access to evidence indicating his Actual Innocence for over 20 Years. Evidence which no one has ever testified in contradiction.

Respectfully Submitted

Jeffrey L Ward

Jeffrey L. Ward # 647619
Relator Pro Se